FILED
6/10/2021
CP
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ILIJA RISTIK,<br>    also known as "IKO," and<br>KEN MILLER | No. 21 CR 323<br><br>Violation: Title 18, United States Code, Section 1343<br><br>JUDGE LEE<br>MAGISTRATE JUDGE CUMMINGS |

### COUNT ONE

The SPECIAL JANUARY 2020 GRAND JURY charges:

1. At times material to this indictment:

    a. Defendant KEN MILLER was a resident of Plainfield, Illinois. MILLER worked for Victim Company 1.

    b. Defendant ILIJA "IKO" RISTIK was a resident of Park Ridge, Illinois. RISTIK owned and/or controlled Companies B1, B2, and B4, all of which were trucking companies.

    c. Victim Company 1 was a surface transportation, delivery, and logistics company that primarily operated large semi-trailer trucks and provided transportation and delivery services throughout the United States, Canada, and Mexico. Victim Company 1 was headquartered in Arkansas but had offices in Chicago, Illinois. In addition to employing company drivers, Victim Company 1 regularly hired outside trucking companies ("carriers") to assist with filling its freight-transportation commitments.

1

    d. KEN MILLER was Victim Company 1's Vice President of Intermodal in Chicago, Illinois. MILLER's job duties primarily included overseeing Victim Company 1's truck and rail container traffic relating to the transportation of shipping containers in the Chicago and Midwest regions. As a Victim Company 1 Vice President, MILLER owed Victim Company 1 a duty of honest services, including the obligation to follow Victim Company 1's Code of Ethical and Professional Standards, which prohibited, among other things, bribes, kickbacks, and payments meant to influence business decisions.

    e. Employee A and Employee D were employees of Victim Company 1 who reported to KEN MILLER. Employee B and Employee C were employees of Victim Company 1 who, in turn, reported to Employee A. Employees A, B, C, and D all were responsible for assigning, or overseeing others assigning, freight-transportation jobs ("loads") to outside carriers.

    f. Company A was a limited liability company located in Plainfield, Illinois, which was owned and/or controlled by KEN MILLER.

    g. Company B1 was a trucking company located in Des Plaines, Illinois, which was owned and/or controlled by ILIJA "IKO" RISTIK.

    h. Company B2 was a trucking company located in Davie, Florida, which also operated in the Chicago area. Company B2 was owned and/or controlled by ILIJA "IKO" RISTIK.

    i.  Company B3 was a trucking company located in Justice, Illinois, which, in or about late 2019, facilitated—at ILIJA "IKO" RISTIK's request—Company B1's fulfillment of Victim Company 1 loads for approximately one month.

    j.  Company B4 was a trucking company located in Chicago, Illinois, which was owned and/or controlled by ILIJA "IKO" RISTIK.

  2.  Beginning no later than in or about November 2018, and continuing until at least on or about June 22, 2020, in the Northern District of Illinois, Eastern Division, and elsewhere,

ILIJA RISTIK,
also known as "IKO," and
KEN MILLER,

defendants herein, together with others known and unknown to the Grand Jury, knowingly and with the intent to defraud, devised and participated in a scheme to defraud and to deprive Victim Company 1 of its right to the honest services of MILLER through bribery and kickbacks, which scheme is further described below.

  3.  It was part of the scheme that ILIJA "IKO" RISTIK caused Company B1 and Company B4 to pay bribes and kickbacks, in the forms of checks and bank transfers, to Company A so that KEN MILLER would direct Victim Company 1 business to Company B1, Company B2, and Company B3. Over the course of the scheme, RISTIK caused Company B1 and Company B4 to pay Company A, which MILLER owned and/or controlled, at least approximately $280,000 in exchange for MILLER directing at least approximately $13 million in Victim Company 1 business

to RISTIK by means of loads assigned to Company B1, Company B2, and Company B3.

4. It was further part of the scheme that KEN MILLER caused Employee A, Employee B, Employee C, and Employee D to assign, and cause to be assigned, Victim Company 1 loads to Company B1, Company B2, and Company B3.

5. It was further part of the scheme that KEN MILLER concealed and attempted to conceal the scheme by not disclosing to Victim Company 1 the existence and nature of his relationship with RISTIK and RISTIK's companies, and by not disclosing to Victim Company 1 his ownership and control of Company A.

6. It was further part of the scheme that ILIJA "IKO" RISTIK and KEN MILLER concealed and attempted to conceal the bribes and kickbacks paid by RISTIK to MILLER, describing the payments as the repayment of a loan made by MILLER to RISTIK, as well as by describing the payments as compensation for MILLER's work on a tequila venture.

7. It was further part of the scheme that KEN MILLER and ILIJA RISTIK did misrepresent, conceal, and hide and cause to be misrepresented, concealed, and hidden, the acts done in furtherance of the scheme and the purposes of those acts, including RISTIK advising MILLER to lie to Victim Company 1 and the Federal Bureau of Investigation—and MILLER in fact lying to Victim Company 1 and the Federal Bureau of Investigation—about the nature of the payments RISTIK made to MILLER.

8.     On or about November 8, 2018, at Des Plaines, in the Northern District of Illinois, Eastern Division, and elsewhere,

> ILIJA RISTIK,
> also known as "IKO," and
> KEN MILLER,

defendants herein, for the purpose of executing the scheme to defraud, did knowingly cause to be transmitted in interstate commerce by means of wire communications, certain writings, signs, and signals, namely, a wire transmission sent by J.P. Morgan Chase from Illinois to Delaware to facilitate the processing of a check deposited into Company A's account at J.P. Morgan Chase and drawn on Company B1's account at Village Bank & Trust in the amount of $3,258.25;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT TWO

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs 1 through 7 of Count One of this Indictment are incorporated here.

2. On or about December 10, 2018, at Park Ridge, in the Northern District of Illinois, Eastern Division, and elsewhere,

ILIJA RISTIK,
also known as "IKO,"

defendant herein, for the purpose of executing the scheme to defraud, did knowingly cause to be transmitted in interstate commerce by means of wire communications, certain writings, signs, and signals, namely, a wire transmission sent by J.P. Morgan Chase from Illinois to Delaware to facilitate the processing of a check deposited into Company A's account at J.P. Morgan Chase and drawn on Company B1's account at Village Bank & Trust in the amount of $5,000;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT THREE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs 1 through 7 of Count One of this Indictment are incorporated here.

2. On or about April 15, 2019, at Norridge, in the Northern District of Illinois, Eastern Division, and elsewhere,

ILIJA RISTIK,
also known as "IKO,"

defendants herein, for the purpose of executing the scheme to defraud, did knowingly cause to be transmitted in interstate commerce by means of wire communications, certain writings, signs, and signals, namely, a wire transmission sent by J.P. Morgan Chase from Illinois to Delaware to facilitate the processing of a check deposited into Company A's account at J.P. Morgan Chase and drawn on Company B1's account at Village Bank & Trust in the amount of $5,000;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT FOUR

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs 1 through 7 of Count One of this Indictment are incorporated here.

2. On or about October 2, 2019, at Park Ridge, in the Northern District of Illinois, Eastern Division, and elsewhere,

ILIJA RISTIK,
also known as "IKO,"

defendants herein, for the purpose of executing the scheme to defraud, did knowingly cause to be transmitted in interstate commerce by means of wire communications, certain writings, signs, and signals, namely, a wire transmission sent by J.P. Morgan Chase from Illinois to Delaware to facilitate the processing of a check deposited into Company A's account at J.P. Morgan Chase and drawn on Company B1's account at Village Bank & Trust in the amount of $2,500;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT FIVE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs 1 through 7 of Count One of this Indictment are incorporated here.

2. On or about October 23, 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

ILIJA RISTIK,
also known as "IKO,"

defendants herein, for the purpose of executing the scheme to defraud, did knowingly cause to be transmitted in interstate commerce by means of wire communications, certain writings, signs, and signals, namely, a wire transmission initiated in California and processed in Delaware, which facilitated the transfer of $2,500 from Company B4's account at J.P. Morgan Chase to Company A's account at J.P. Morgan Chase;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT SIX

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs 1 through 7 of Count One of this Indictment are incorporated here.

2. On or about October 28, 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

ILIJA RISTIK,<br>
also known as "IKO,"

defendants herein, for the purpose of executing the scheme to defraud, did knowingly cause to be transmitted in interstate commerce by means of wire communications, certain writings, signs, and signals, namely, a wire transmission initiated in Illinois and processed in Delaware, which facilitated the transfer of $2,500 from Company B4's account at J.P. Morgan Chase to Company A's account at J.P. Morgan Chase;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## **FORFEITURE ALLEGATION**

The SPECIAL JANUARY 2020 GRAND JURY alleges:

1. Upon conviction of an offense in violation of Title 18 United States Code, Sections 1343, as set forth in this Indictment, defendants ILIJA "IKO" RISTIK and KEN MILLER shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. The property to be forfeited includes, but is not limited to:

   a. a personal money judgment as to ILIJA "IKO" RISTIK in the amount of approximately $13,000,000; and

   b. a personal money judgment as to KEN MILLER in the amount of approximately $280,000.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
Signed by Matthew Getter on behalf of the
UNITED STATES ATTORNEY